

December 28, 2021

**BY ECF**
Honorable Steward D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    <u>My'Asha Roundtree v. City of New York, et. al., 21-CV-10576 (AJN) (SDA)</u>

Your Honor:

    I am one of the attorneys for the plaintiff, My'Asha Roundtree, in the above-referenced matter. Pursuant to the Court's December 17, 2021 Order (Dkt. 10), I am writing to oppose defendant City of New York's request to proceed with this matter pursuant to the Local Civil Rule 83.10 (the "1983 Plan").

    **Background:** As alleged in the Verified Complaint (Dkt. 1-1), on May 26, 2020, Ms. Roundtree lived in a private apartment within Concourse House, a shelter facility under the purview of the New York City Department of Homeless Services ("DHS"). At around 5:00 that morning, Defendant Concourse Security Officer Jane Doe allowed Defendant NYPD Officer Andy Urena and NYPD Officers John and Jane Does 1-4 into Ms. Roundtree's private apartment without a warrant, Ms. Roundtree's consent, or lawful authority. While inside Ms. Roundtree's apartment, the NYPD members banged on her bedroom door, shouted for her to come out, and falsely claimed that they had a warrant. They trapped her there for around a half hour. DHS written policy in effect at the time required that, absent exigent circumstances, CH Jane Doe inform a DHS client such as Ms. Roundtree that police wanted to arrest her without a warrant, and refuse police access if and when the client withheld consent, as Ms. Roundtree had. After May 26, 2020, the Executive Director of Concourse House confirmed that, notwithstanding written DHS policies, it was, in sum, standard procedure in such a situation – where police have no warrant, consent, or lawful authority – to allow NYPD members into a DHS client's individual apartment, as Defendant CH Jane Doe had done.

    Ms. Roundtree filed the Verified Complaint initiating this matter in New York State Supreme Court, Bronx County, on August 23, 2021. The Complaint pleads claims under New York law including, but not limited to, false arrest/false imprisonment; trespass; and negligent training and supervision, as well as an unlawful seizure/false arrest federal civil rights claim and a related *Monell* claim. In addition to money damages and attorney's fees, costs, and expenses, Ms. Roundtree seeks declaratory and injunctive relief. Ms. Roundtree served Defendant Andy Urena on September 20,

2021[1] and Defendant City of New York on September 22, 2021 (Dkt. 1-3). Although Ms. Roundtree attempted to serve Defendant Concourse House Development Fund Company, Inc. ("Concourse House") at around that time as well, due to a mistake, service was made at the wrong address. Plaintiff served Concourse House at the proper address on December 21, 2021. On November 30, 2021, Defendant City of New York answered the Complaint, including cross-claims against Concourse House and CH Jane Doe (Dkt. 1-5). On December 10, 2021, with consent from Defendants Urena and City of New York, Defendant Concourse House removed Ms. Roundtree's action from New York State Supreme Court to this Court. (*See* Dkts. 1, 4, 5, and 6). Six days later, Defendant City of New York moved to include the case in the so-called 1983 Plan, noting that Plaintiff's counsel did not consent and that Concourse House had not noted any position. (Dkt. 8). On December 17, 2021, this Court ordered, *inter alia*, that any opposition to that application should be filed no later than today. (Dkt. 10). This is Ms. Roundtree's opposition to Defendants' application.

**Ms. Roundtree opposes including this case in the 1983 Plan.** By its terms, the 1983 Plan is not applicable to this case. The 1983 Plan only applies to cases against the City of New York and City employees including NYPD members. In this case, in addition to the City, Ms. Roundtree also names a shelter facility, Concourse House, and an individual Jane Doe Concourse House employee. Further, the 1983 Plan does not apply to cases, such as this one, in which the plaintiff seeks systemic equitable reform. Here, Ms. Roundtree has challenged the City's and Concourse House's failure to properly train and supervise the individual Defendants with respect to NYPD's authority to enter private apartments within a DHS shelter and/or with respect to DHS written policies regarding the same, seeking, *inter alia*, declaratory and injunctive relief. Cases such as this one seeking such equitable relief are categorically excluded from the 1983 Plan.

Plaintiffs such as Ms. Roundtree also have a "a legitimate interest in the expeditious resolution of [their] civil case." *Jackson v. Johnson*, 985 F.Supp. 422, 425 (SDNY 1997).  Including this case in the 1983 Plan would prejudice Plaintiff's rights to pursue her claims, including discovery as to those claims, in a timely manner. The Complaint names five John and Jane Doe Defendants, including one Concourse House employee and four NYPD members who, along with Defendant Urena, trapped Ms. Roundtree in her apartment. Ms. Roundtree filed and served the Complaint against Defendant City, and attempted to serve Defendant Concourse House, well in advance of the expiration of the New York statute of limitations, in part so that Ms. Roundtree could identify, name, and serve Defendant CH Jane Doe and the four NYPD member Does 1-4 before that statute of limitations expired. Including this case in the 1983 Plan would make it virtually impossible for Plaintiff to identify, name, and serve those Does before the state law statute of limitations runs by around February 1, 2022. That would prejudice not only Plaintiff, but also the five Doe Defendants themselves, who have their own rights and interests – independent of Defendant City's and Defendant Concourse House's – to know they have been named in litigation before, or as close to, the statute of limitations as possible.

---

[1] Defendant Urena has not answered or otherwise responded to the Complaint. The Law Department has not filed a Notice of Appearance on Defendant Urena's behalf.

Moreover, including the case in the 1983 Plan would prevent discovery as to the policies and practices that are challenged in this case as well as litigation around Defendant City's cross-claims against Concourse House pleaded in Defendant City's answer. One primary aim of the 1983 Plan is to encourage early settlement after the exchange of certain early discovery relevant to typical 1983 Plan claims, such as releases and documents related to sealed arrests and prosecutions, as well as arrest-related injuries. The parties are meant to exchange those documents in order to help them evaluate the strengths and weaknesses of the claims and defenses at play, with a view toward potential resolution of the case through early mediation. In this case, virtually none of the records the 1983 Plan requires the parties to produce will have been created, so there will be few, if any, of the usual documents to exchange, and they will not, in any event, help the parties evaluate the claims and defenses in the case. Perhaps more importantly, this is simply not a case that will settle through mediation without discovery into the incident and the relevant policies, practices, and training, the likes of which the 1983 Plan prohibits.

Finally, Plaintiff opposes Defendant City's request for an additional sixty days within which the City can "respond to" the Complaint in the event the Court denies Defendant City's application to include the case in the 1983 Plan. Notably, although Defendant City now claims that it needs additional information and time in order to investigate the incident and obtain relevant records in order to comply with their obligations under Fed.R.Civ.P. 11, Defendant City has already conducted an investigation and filed a Verified Answer to the Complaint (Dkt. 1-5).

Rather than including this case in the 1983 Plan, Ms. Roundtree asks that the Court schedule an initial pretrial conference in this matter at a reasonably prompt date that is convenient for the Court and the parties, so that Ms. Roundtree can begin to move the case along, including by conducting discovery regarding the true identities of the Doe Defendants and into the relevant policies, practices, and procedures.

Relatedly, in light of the rapidly approaching statute of limitations regarding claims under New York law, Ms. Roundtree asks that the Court order Defendants City and Concourse House to identify the five Doe Defendants named in the Complaint by a reasonable date certain prior to February 1, 2022. *See, e.g., Azbel-Bedell v. City of New York, et al.,* EDNY Docket No. 21-cv-4961 (FB)(CPL), Dkt. 17 (ordering Defendant City to identify NYPD member Doe Defendants by a date certain), a copy of which is attached; *Karnes, et al. v. City of New York, et al.,* EDNY Docket No. 21-cv-4903 (WFK)(JRC), November 23, 2021 Minute Order (ordering substantially the same relief).

Ms. Roundtree and her counsel thank Your Honor for the Court's attention to this matter.

Respectfully Submitted,

_____

The Bronx Defenders
*Co-Counsel for My'Asha Roundtree*
By: Ryan MacDonald
Staff Attorney