USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 17
DATE FILED: 1/1/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

My'Asha Roundtree,

                Plaintiff,

-against-

City of New York et al.,

                Defendants.

1:21-cv-10576 (AJN) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a First Letter Motion by the City of New York (the "City") "request[ing] that this matter proceed pursuant to Local Civil Rule 83.10," and seeking an extension of time for the City to answer the Complaint until February 18, 2022. (City's 12/16/21 Ltr. Mot., ECF No. 8, at 1-2.) For the reasons set forth below, the City's motion is DENIED.

**BACKGROUND**

On August 23, 2021, this action was commenced by Plaintiff My'Asha Roundtree ("Plaintiff" or "Roundtree"), who was and is represented by counsel, in the Supreme Court of the State of New York, Bronx County, by the filing of a Summons and Complaint against the City, Concourse House Development Fund Company, Inc. ("Concourse House"), Police Officer Andy Urena ("Urena"), New York City Police Department ("NYPD") Officers John and Jane Does 1-4 and Concourse House Security Officer Jane Doe. (*See* Summons & Compl., ECF No. 1-1.) In the Complaint, Roundtree alleges state and federal claims arising out of the warrantless entry of NYPD officers into Roundtree's apartment at a Concourse House shelter, including a claim for "false arrest/false imprisonment." (*See* Compl. ¶¶ 1-3, 28-88.)

On November 30, 2021, the City filed with the Bronx County Clerk its Answer in this action, which contains denials, affirmative defenses and cross-claims. (*See* City Answer, ECF No. 1-5, ¶¶ 1-13.) On December 10, 2021, with the consent of the City and Urena, Concourse House removed this action to this Court.[1] (*See* Not. of Removal, ECF No. 1.[2])

On December 16, 2021, the City filed the Letter Motion that is now before the Court seeking to have this action to proceed pursuant to Local Civil Rule 83.10 and seeking an extension of its time to respond to the Complaint until February 18, 2022. (*See* City's 12/16/21 Ltr. Mot.) On December 17, 2021, this action was referred to me for general pretrial purposes. (*See* Order of Ref., ECF No. 9.) Also on December 17, 2021, I entered an Order directing that any opposition to the City's Letter Motion be filed no later than December 28, 2021, and that any reply be filed no later than December 31, 2021. (*See* 12/17/21 Order, ECF No. 10.)

On December 28, 2021, Roundtree timely filed a letter in opposition to the City's Letter Motion. (*See* Pl.'s 12/28/21 Ltr. Mot., ECF No. 14.)[3] No reply was filed by the City on December 31, 2021.

---

[1] In its removal notice, Concourse House asserted that service of process upon it was defective. (*See* Not. of Removal ¶ 1.) On December 21, 2021, the Summons and Complaint again was served upon Concourse House. (*See* Aff. of Service, ECF No. 16.)

[2] Due to a filing error, the Notice of Removal (without exhibits) was refiled at ECF No. 6.

[3] Plaintiff's opposition letter was filed in the form of a Letter Motion because it also seeks affirmative relief, *i.e.*, an Order directing that the City and Concourse House identify the five Doe Defendants named in the Complaint. (*See* Pl.'s 12/28/21 Ltr. Mot. at 3.) Because the City and Concourse House have not yet responded with respect to the affirmative relief sought, it is premature for the Court to address Plaintiff's Letter Motion. In the Conclusion of this Opinion and Order, the Court sets forth a briefing schedule with respect to the affirmative relief sought by Plaintiff.

**LEGAL STANDARDS**

**I.       Local Civil Rule 83.10**

Local Civil Rule 83.10 applies to cases filed in this Court by represented plaintiffs against the City and/or the NYPD "alleging the use of excessive force, false arrest, or malicious prosecution by employees of the NYPD in violation of 42 U.S.C. § 1983." *See* S.D.N.Y. Local Civ. R. 83.10. The rule provides that, at the time that a plaintiff serves a complaint in such a case, she must serve certain releases as well, as applicable. *See id*. R. 83.10(a); *see also Matthews v. City of New York*, No. 20-CV-10953 (PKC), 2021 WL 3604892, at *1 (S.D.N.Y. Aug. 12, 2021) (citing Local Civil Rule 83.10(a), (b)). The rule also provides a longer period for the City to respond to the Complaint "[i]f [a] § 160.50 Release [for sealed arrest records] is served on the City at the time the complaint is first served." *See* S.D.N.Y. Local Civ. R. 83.10(c).

**II.      Responding To A Complaint After Removal From State Court**

Rule 81(c)(2) of the Federal Rules of Civil Procedure provides that, "[a]fter removal, repleading is unnecessary unless the court orders it." Fed. R. Civ. P. 81(c)(2). Only "[a] defendant who did not answer before removal must answer or present other defenses or objections" in federal court after removal. *See id*. *See also Bennett v. Transunion, LLC*, No. 21-CV-00770 (SPC) (NPM), 2021 WL 5015532, at *1 (M.D. Fla. Oct. 28, 2021) ("the Rule is not even slightly ambiguous [as to whether a defendant's pre-removal answer is an operative pleading]: 'After removal, repleading is unnecessary unless the court orders it. A defendant who *did not answer before removal* must answer . . . .'" (citing Fed. R. Civ. P. 81(c)(2) (emphasis in original)).

**DISCUSSION**

I. **Local Civil Rule 83.10 Shall Not Apply To This Action**

The City's request that this action proceed pursuant to Local Civil Rule 83.10 is denied. Rule 83.10 was designed to apply to actions filed in this Court in the first instance. For example, the Rule provides that "[a]t the same time that plaintiff serves the complaint, plaintiff must serve on the City [a] release . . . for sealed arrest records for the arrest that is the subject of the complaint, and for a list of all prior arrests." *See* S.D.N.Y. Local Civ. R. 83.10(a)(1). The Rule then provides the City with a longer period to respond to the Complaint after it receives the required release. *See id*. R. 83.10(c).

In the present case, since this action was filed in New York state court, there was no requirement that releases be served with the Complaint. Moreover, since the City already has responded to the Complaint, the City is not in need of further time to respond to the Complaint. The Court, in its discretion, declines to apply other provisions of Local Civil Rule 83.10 to this action. The parties may agree among themselves to utilize some of the provisions of the Rule as part of their case management plan and/or to unilaterally propose to the Court that certain provisions be utilized (*e.g.*, Rule 83.10(k) (form of protective order)).

II. **The City Already Has Answered The Complaint And Thus Does Not Need Any Extension**

The City already filed an Answer in this action, such that the City's Answer is the operative pleading. *See* Fed. R. Civ. P. 81(c)(2) ("[a]fter removal, repleading is unnecessary unless the court orders it."). Thus, the City's request to extend the deadline for it to respond to the Complaint is denied as moot.

**CONCLUSION**

For the foregoing reasons, the City's Letter Motion is DENIED. No later than January 7, 2022, the City and Concourse House shall file any opposition to Plaintiff's Letter Motion filed at ECF No. 14, in which Plaintiff seeks an Order directing that the City and Concourse House identify the five Doe Defendants named in the Complaint. Any reply from Plaintiff shall be filed no later than January 13, 2022. By separate Order to be entered forthwith, the Court shall schedule an Initial Pretrial Conference.

**SO ORDERED.**

Dated:  New York, New York
        January 1, 2022

_____
STEWART D. AARON
United States Magistrate Judge