```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MY'ASHA ROUNDTREE,

                                         Plaintiff,

-against-

THE CITY OF NEW YORK; CONCOURSE HOUSE
DEVELOPMENT FUND COMPANY, INC.
("CONCOURSE HOUSE"); NEW YORK CITY POLICE
DEPARTMENT ("NYPD") OFFICER ANDY URENA,
SHIELD NO. 7427; NYPD LIEUTENANT MICHAEL
DUNN; NYPD OFFICERS JOHN AND JANE DOE NOS.
2-4; and CONCOURSE HOUSE SECURITY AGENT
EMILY VEGA,

                                         Defendants.
------------------------------------------------------------------------ X

**JUDGMENT PURSUANT TO RULE 68 ON PLAINTIFF'S CLAIMS AGAINST THE CITY DEFENDANTS**

21-cv-10576 (MKV) (SDA)

      **WHEREAS,** Plaintiff commenced this action by filing a complaint in New York State Supreme Court, Bronx County on August 23, 2021 alleging that Defendants violated her rights under the federal constitution and state law on May 26, 2020; and

      **WHEREAS**, on December 10, 2021, with consent from Defendants Urena and the City of New York, Defendant Concourse House removed this action from New York State Supreme Court to this Court; and

      **WHEREAS,** on July 11, 2022, pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendants City of New York, NYPD Officer Andy Urena, and NYPD Officer Michael Dunn, and any Defendant who is currently or subsequently named and hereafter represented by the Office of the Corporation Counsel in this action (the "City

Defendants") offered to allow Plaintiff to take judgment against Defendant City of New York for Plaintiff's federal claims against the City Defendants; and

**WHEREAS,** on July 22, 2022, Plaintiff accepted the City Defendants' Rule 68 Offer of Judgment;

**NOW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Plaintiff will take judgment against Defendant City of New York in this action for the sum of Fifteen Thousand and One Dollars ($15,001.00), plus reasonable attorneys' fees, expenses and costs to the date of the offer – July 11, 2022 - for Plaintiff's federal claims against the City Defendants.

2. This judgment shall be in full satisfaction of all federal and state law claims or rights that Plaintiff may have to damages, or any other form of relief, arising out of the alleged acts or omissions of Defendants or any official, employee, or agent, either past or present, of the City of New York, or any agency thereof, in connection with the facts and circumstances that are the subject of this action.

3. This judgment shall not to be construed as an admission of liability by the City Defendants or any official, employee, or agent of the City of New York, or any agency thereof; nor is it an admission that Plaintiff has suffered any damages.

4. In accepting the Defendants' offer of judgment, Plaintiff releases and discharges the City Defendants; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York, or any agency thereof, from any and all claims that were or could have been alleged by Plaintiff arising out of the facts and circumstances that are the subject of this action.

5. By accepting the offer of judgment, Plaintiff waives the Plaintiff's rights to any claim for interest on the amount of the judgment.

6. By accepting the offer of judgment, Plaintiff agrees that the aforesaid payment of Fifteen Thousand and One Dollars ($15,001.00), within ninety (90) days of the date of acceptance of the offer shall be a reasonable time for such payment, unless Plaintiff received medical treatment in connection with the underlying claims in this case for which Medicare has provided, or will provide, payment in full or in part. If Plaintiff is a Medicare recipient who received medical treatment in connection with the claims in this case, the ninety (90) day period for payment shall start to run from the date Plaintiff submits to Counsel for Defendants a final demand letter from Medicare.

7. By acceptance of this Rule 68 Offer of Judgment, Plaintiff agrees to resolve any claim that Medicare may have for reimbursement of conditional payments it has made as secondary payer, and a Medicare Set-Aside Trust shall be created, if required by 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26. Plaintiff further agrees to hold harmless defendants and all past and present officials, employees, representatives and agents of the City of New York, or any agency thereof, regarding any past and/or future Medicare payments, presently known or unknown, made in connection with this matter.

Dated: New York, New York
       July 26, 2022

_____
HON. Mary Kay Vyskocil, U.S.D.J.

3